# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**GREGORY HOOVER, STACEY BURNWORTH, IVY KRAIDY, LINDA PURDY, THOMAS RODENFEL, FRANCIE RODENFEL, THOMAS F. RODENFEL, ALANA DEGARMO, DOUGLAS OLIN, WENDY OLIN, ENON WINKLER, KELLY MURRY, MARY BRYAN, WARREN GILBERT, PATTU KESAVAN, GARY BERGENSKE, MARK ROLLINS,**

      **Plaintiffs,**

**-vs-**                 **Case No.  6:07-cv-1628-Orl-22DAB**

**600 NORTH INVETMENTS, INC. fka 600 North Developers, Inc.; OCEAN WATER, LLC; OCEAN WATERS INVESTMENTS, LLC; CHARLES BRAY; JOSEPH GILLESPIE; BRAY AND GILLESPIE, INC.;  BRAY AND GILLESPIE PLAZA DEVELOPMENTS, LLC; BRAY AND GILLESPIE PROPERTY INVESTMENTS, LLC; BRAY AND GILLESPIE III MANAGMENTS, LLC; SOUTHERN HOSPITALITY RESORTS & RESIDENCES, LLC; JOHN SALMON; DENISE DEVOE; NATIONAL REAL ESTATE INVESTORS, LLC; RESORTQUEST REALESTATE OF FLORIDA INC.; RESORTQUEST INTERNATIONA, INC.; WES SCOTT; and MICHAEL DEMCHAK,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**   **October 12, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the complaint be dismissed**.

Plaintiffs seek to proceed in this action *in forma pauperis*. In order to proceed this way, Plaintiffs must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. As pled, the Complaint does not meet this standard and must be dismissed.

Initially, the Court notes that the suit purports to be on behalf of at least seventeen named Plaintiffs[1] but is only signed by two, appearing *pro se*. As neither Stacey Burnworth nor Gregory Hoover claim to be attorneys and thus cannot appear on behalf of anyone except themselves, the Complaint, at most, is limited to their claims. As the Affidavit in support of the motion is signed only by Mr. Hoover (and is incomplete, at that), the only claim presently before the Court at this point is his claim.

The suit purports to be a combination of several state law contract and tort claims, including a claim for breach of contract (seeking damages), rescission of contract (seeking injunctive relief), violation of fiduciary duty and fraud (seeking damages), all relating to Plaintiffs' purchase of units in a condo-hotel in Daytona Beach.[2] Although the Complaint claims that the Court has jurisdiction over this state law dispute based on diversity, it is alleged that each Plaintiff resides "primarily in Florida" and "the two primary defendants of this action . . . reside in the State of Florida" as do several of the corporate defendants (*see* Allegations 6, 7 and 10). Although diversity jurisdiction is based on citizenship and residency is not necessarily dispositive, the Complaint fails to allege any basis for concluding that the parties are, in fact, of diverse citizenship. Indeed, it affirmatively appears quite likely that they are not. Absent a showing sufficient to support the diversity jurisdiction alleged, Plaintiffs' remedies must lie, if at all, with the state courts which have general jurisdiction to hear tort and contract cases.

---

[1] Note the "et al" in the case style of the Complaint.

[2] Paragraph 1 of the Complaint makes reference to certain provisions of the federal securities laws, but Plaintiffs make no effort to claim jurisdiction under those provisions.

It is therefore **respectfully recommended** that the complaint be **dismissed** for lack of jurisdiction, and the motion be **denied, as moot.** Plaintiffs should permitted an opportunity to file an amended complaint setting forth some basis for this Court's jurisdiction, if they are able to do so. Any such amendment would need to be accompanied by the requisite filing fee or a renewed, complete motion to proceed in forma pauperis.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 17, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy